**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD KEENE, individually and on behalf of all others similarly situated, *Plaintiff,* | : : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant.* | : : : | No. 25-cv-5584 |
| C.H., individually and on behalf of all others similarly situated, by his parent and guardian, BRITTNY KEENE, *Plaintiff,* | : : : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant.* | : : : | No. 25-cv-5621 |
| JAMES MILLER, individually and on behalf of all others similarly situated, *Plaintiff,* | : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant.* | : : : | No. 25-cv-5623 |
| KENNETH PECKINPAUGH, individually and on behalf of all others similarly situated, *Plaintiff,* | : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant.* | : : : | No. 25-cv-5650 |
| ANDREW HOLMSTROM, individually and on behalf of all others similarly situated, *Plaintiff,* | : : : : | CIVIL ACTION |
| v. | : : : | |

1

| | | |
|---|---|---|
| **TEKNIPLEX, INC.,** | : | No. 25-cv-5713 |
| *Defendant.* | : | |
| | : | |
| **ROBERT BECK, individually and on** | : | |
| **behalf of all others similarly situated,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **TEKNIPLEX, INC.,** | : | No. 25-cv-5722 |
| *Defendant.* | : | |

# MEMORANDUM

**KENNEY, J.**                                                                                                           October 30, 2025

Plaintiffs in Case Nos. 25-cv-5584, 25-cv-5621, 25-cv-5623, 25-cv-5650, 25-cv-5713, and 25-cv-5722 move to consolidate these actions and appoint interim co-lead class counsel. For the reasons set forth below, the Motions (ECF No. 11 in No. 25-cv-5584; ECF No. 10 in No. 25-cv-5621; ECF No. 14 in No. 25-cv-5623; ECF No. 11 in No. 25-cv-5650; ECF No. 13 in No. 25-cv-5713; and ECF No. 12 in No. 25-cv-5722) will be **GRANTED**.

**I.   DISCUSSION**

The Court will consolidate these cases. Federal Rule of Civil Procedure 42(a) authorizes district courts to consolidate cases "that involve a common question of law or fact." Fed. R. Civ. P. 42(a). And courts have broad discretion to consolidate cases under Rule 42(a) when it would serve judicial economy and the administration of justice. *See Cost v. Borough of Dickson City*, 858 F. App'x 514, 516 (3d Cir. 2021).

Consolidating these actions would promote judicial economy. Each of these cases is a putative class action arising from the same data breach. The cases all involve the same defendant, make similar factual allegations, involve similar proposed class definitions, and raise substantially the same causes of action. Any differences between the actions are minor and do not outweigh the

benefit of judicial economy. *See Surgical Ctr. of N. Brunswick v. Aetna Health, Inc.*, No. CIV.A. 12-3678 JLL, 2012 WL 4120777, at *1 (D.N.J. Sept. 19, 2012) (consolidating actions against a common defendant where differences were minor and keeping the matters separate risked "wast[ing] judicial resources and creat[ing] administrative confusion").

The Court will also appoint interim lead co-counsel. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "In making the interim lead class counsel decision, the court looks to the same factors as it would when making the class counsel appointment decision." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 365 (E.D. Pa. 2022). Rule 23(g)(1)(A) requires the court to consider the following factors when appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). Rule 23(g)(4) states that "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Upon consideration of the Rule 23(g)(1)(A) factors and Rule 23(g)(4), the Court finds that Plaintiffs' proposed counsel—Mr. Grunfeld, Mr. Edelson, Mr. Johns, Mr. Ferich, and their respective firms—are qualified to serve as interim co-lead counsel. Plaintiffs' Motions state that the proposed counsel have investigated facts relating to the data breach, communicated with persons potentially impacted by the breach, and retained clients. All four attorneys have extensive

experience litigating class actions involving data privacy, including in this District, and therefore appear familiar with the applicable law. Proposed counsel represent that they are committed to advancing the interests of the putative class and will expend the resources necessary to do so. For the foregoing reasons, proposed counsel are well situated to "fairly and adequately represent the interests of the class" pursuant to Rule 23(g)(4). Fed. R. Civ. P. 23(g)(4). Accordingly, the Court appoints Mr. Grunfeld, Mr. Edelson, Mr. Johns, Mr. Ferich, and their respective firms as Interim Co-Lead Counsel.

II.     **CONCLUSION**

In light of the foregoing, Plaintiffs' Motions to Consolidate Cases and Appoint Interim Co-Lead Class Counsel will be granted. An accompanying Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
**CHAD F. KENNEY, JUDGE**